Lee v. Hassett.

MICHAEL LEE AND JAMES LEE, Respondents, v. PATRICK W. HASSETT, Appellant.

St. Louis Court of Appeals, January 21, 1890.

1. **Mechanic's Lien:** EVIDENCE OF WAIVER. While a mechanic's lien may be waived, the intention to waive it must be clearly manifested.

2. **Law and Fact:** WAIVER. The question of waiver ordinarily is one of intention and one of fact; if it depends upon the interpretation of a writing, it is one of law only when the writing is free from ambiguity.

3. **Practice, Appellate:** ERROR RESULTING FROM APPELLANT'S ACTION. When the appellant by his course of action leads the trial court into error, he cannot complain of the ruling. Thus when the question is one of waiver, dependent upon the interpretation of a writing, and the trial court at the instance of the appellant holds that the question is one of law, but further holds that the writing does not amount to a waiver, the appellant cannot on appeal complain of this ruling, if the writing reasonably admits of the construction placed upon it; for, if the writing is ambiguous, the question of waiver was one of fact for the jury, and the appellant is precluded from so claiming.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*W. C. Marshall* and *Rudolph Schulenburg*, for the appellant.

*Taylor & Pollard*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant, who was the owner of certain realty in the city of St. Louis, began the erection of four houses thereon. The property was heavily encumbered by prior mortgage, when the buildings were commenced, and the contractors, learning of this fact, refused to

proceed with the work. The plaintiffs had a contract with the defendant for plastering these four houses for an aggregate price of nine hundred and eighty-three dollars, but they had not begun to do any work under said contract prior to July 21, 1888. This being the condition of things, the plaintiffs, as well as the other contractors who had already done some work, executed and delivered to the defendant written waivers of lien, similar in form; the one executed by the plaintiffs being as follows:

"St. Louis, July 21, 1888.

*"To whom it may concern:*

"This is to evidence that the undersigned, for value received, have agreed with P. W. Hassett, his executors, administrators and assigns, to waive, and do hereby waive and relinquish, any and all liens which they now or may hereafter have, or be entitled to, on four houses now being erected, and the lots on which same are situated, for work or labor done, or materials or fixtures furnished by them, for or on said houses; all of said houses and lots being the property of said Hassett, and situated in the city of St. Louis, Missouri, on the south side of Laclede avenue sixty feet west of Boyle avenue, said lots having an actual front of one hundred and forty (140) feet on the south line of Laclede avenue, by a depth southwardly of one hundred and eighty-seven feet, six inches (187 ft., 6 in.), being part of lot 40 of Peter Lindell's second addition and in city block 3905."

Upon the execution and delivery of such waivers, and presumably on the faith thereof, the defendant secured an advance of money sufficient to pay off the old encumbrance, and the advance, thus made, was thereupon secured by a new mortgage placed upon the property in favor of Keane & Grace, who had advanced the money. The plaintiffs never did any work under their original contract with the defendant, but subsequently, on the twenty-first day of August, 1888, they

entered into a new contract, whereby they agreed to do the plastering on said houses for two hundred and forty-five dollars per house, to be paid for in certain installments. Under this contract they completed the plastering of one house, and partly completed the plastering of another, and then abandoned the work, claiming that the defendant had failed to pay the installments he was bound to pay under the contract.

The present action is one seeking a judgment against the defendant, and a judgment of lien against the house on which the plastering was completed, and the only defense interposed is that the plaintiffs for a valuable consideration had waived their mechanic's lien. Upon the trial of the cause before a jury, the plaintiffs obtained a verdict and judgment of lien, from which the defendant prosecutes the present appeal.

Upon the hearing of the cause, the plaintiffs offered to show that the mortgage to Keane & Grace was paid off prior to the institution of the present suit, and in fact prior to the filing of their lien. They also offered to show that, when they signed the waiver, dated July 21, 1888, it was done upon the understanding between them and the defendant, that the mortgagees would become responsible for the cost of the work. They also offered to show that, when they entered into their subsequent contract of August 21, the effect of this prior waiver on their subsequent contract was discussed between the defendant and themselves. The court upon the defendant's objection ruled out all this evidence, and decided, as a matter of law, that the waiver of lien had no reference to the contract of August 21, 1888, and that, if the plaintiffs did the work under such subsequent contract, and then took all the necessary steps to perfect a lien, they were entitled to it, notwithstanding the waiver executed by them July 21, 1888. The correctness of that ruling is the only question presented by this appeal.

Although the question of waiver ordinarily is one of intention, and, as such, is to be passed upon by a jury under appropriate instructions (*Ehrlich v. Ins. Co.*, 88 Mo. 249), still, if such question depends exclusively on the interpretation of a written instrument, which is free from all ambiguity in the terms used, it is for the court to declare such intention as the legal result of the terms employed. Where the terms employed are ambiguous, it is for the jury to ascertain their true meaning, and the fact that the contract is in writing makes no difference. *The St. Louis Gaslight Co. v. City of St. Louis*, 46 Mo. 134, 135.

In the case at bar the defendant objected to evidence of surrounding circumstances, and to the interpretation put upon the instrument of waiver by the parties themselves, but insisted that the instrument was capable of but one interpretation, namely, that it was equivalent to a perpetual waiver of lien for all work and materials furnished, then or thereafter, by the plaintiffs on the four houses.

If the instrument reasonably admits of an interpretation which the court put upon it, and which was different from its interpretation as contended for by the defendant, then the defendant is in no position to complain of the action of the court, because, even though the court committed error in not submitting the question to the jury, it was an error into which it was lead by the defendant's conduct. We, therefore, must hold that the only question, before us for review, is the question whether the instrument will reasonably admit of the interpretation, which the court put upon it, with the aid of such surrounding circumstances as were before it.

By the terms of the instrument, the plaintiffs "waive all liens which they now or may hereafter have for work or labor done or materials or fixtures furnished by them," on the four houses. The form of this instrument, as the evidence shows, was one adopted to

be signed by all contractors, some of whom had already furnished work and material, and the object of the waiver was to postpone liens for materials and labor to the lien of a mortgage, which was then about to be placed on the property, and the proceeds whereof were to be used, in part, to pay for the material and labor furnished up to that date. Whether the other contractors thereafter entered into new contracts with the owner does not appear; it is conceded that they have all been paid in full. The plaintiffs did enter into a new contract, and the court held, that the words, "materials and fixtures furnished," must be interpreted as materials and fixtures furnished under existing contracts. In view of the fact that it appears to have been the only aim and object of the arrangement to make the mortgage about to be placed on the property a lien superior to those of mechanics and materialmen, we think the interpretation was warranted.

It must be borne in mind that the present proceeding is one in which the owner of the property is the sole defendant, and by which the rights of the mortgagee are in no way affected. *Coe v. Ritter*, 86 Mo. 285. It must be further remembered that the evidence shows no other inducement on the plaintiff's part for the waiver of a valuable right, than the intent to give the mortgage, about to be placed on the property, a priority over any claim of plaintiffs, a result which necessarily follows, whether the interpretation of the instrument contended for by the defendant, or that declared by the court, is adopted. While there is nothing particular in the claim of a mechanic for a lien, which would prevent it from becoming the subject of a waiver, it should not be considered waived, unless the intention to do so is clearly manifested. *Jodd v. Duncan*, 9 Mo. App. 424.

On the whole record, we are of opinion that the court committed no error, of which the appellant is in a position to complain, and that its judgment should be affirmed. So ordered. All the judges concur.