PETER WHITE, Respondent, v. THE N. O. NELSON
MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, March 21, 1893.

Practice, Appellate: ESTOPPEL OF APPELLANT. An appellant is estopped from complaining of errors into which he himself has led the trial court. Accordingly, it was *held* that the appellant herein could not complain of the construction placed by the trial court on the contract in suit, when he, as well as the respondent, had proceeded on that construction in their respective pleadings and throughout the trial, including the instructions.

VOL. 53—22

*Appeal from the St. Louis City Circuit Court.* — Hon.
Leroy B. Valliant, Judge.

Affirmed *(conditionally)*.

*Seneca N. Taylor*, for appellant.

*Chester H. Krum*, for respondent.

Rombauer, P. J.—The defendant is a merchant
and manufacturer of plumbing goods, and the plaintiff
was, both prior to and after January 19, 1887, foreman
of defendant's brass shops under a contract entitling
him to a fixed yearly salary, and to royalties on various
improvements on articles manufactured by the defend-
ant and patented by the plaintiff.

In July, 1886, the plaintiff and defendant entered
into a new contract upon the basis of a written offer
made by the defendant to the plaintiff, and accepted by
the latter, the material portions of which are as follows.
The new contract was to commence January 19, 1887,
and to continue for four years thereafter. The plaintiff
was to receive a stated salary of $1,650 per annum, a
*pro rata* of profits of not less than $150 per annum, and
a fixed royalty on certain patented articles enumerated
in the contract. The contract contained the following
guaranty on part of the defendant:

"We furthermore agree that the total royalties, paid
you *during any year in which this agreement is in force,*
shall not aggregate to you less than fifty-five hundred
dollars ($5,500), and, if said royalties shall amount in
the total to less than the sum mentioned above during
any year, we will pay you the additional amount, to
make the total paid each year fifty-five hundred dollars,
the same as if the royalties had been earned under the
conditions of this contract; but any excess above,

according to said schedule, said White shall be entitled to"—meaning White, the plaintiff.

The present action was instituted by the plaintiff to recover from the defendant the sum of $463.60, with interest thereon from the first day of July, 1889, and the theory of the petition is, that the plaintiff's royalties during the year 1888, from the first day of January to the last day of December of that year, amounted only to $5,046.40, or to $463.60 less than the amount guaranteed, and that he made a demand of that sum on the first day of July, 1889.

It will be thus seen that the plaintiff, by his petition, distinctly claimed that the words italicized above had reference to a calendar year, and not to a contract year; that is to say, that the royalties were to be computed on deliveries made from January 1st to December 31st in each year, and not from January 19th to the next following nineteenth of January.

The defendant filed an answer in which, after generally denying the plaintiff's petition, it set up affirmative defenses of the plaintiff's fraudulent conduct in withholding goods from delivery, so as to secure a recourse on the guarantee of $5,500. In view of the error assigned by the defendant on this appeal, it becomes important to set out the following portions of the answer containing this defense, namely: "That it was the duty of said plaintiff for a sufficient length of time before the closing of each year to have made up and delivered into the store of the defendant a quantity of said goods, so that the royalties on goods actually made up and delivered would equal the *minimum* of royalties to be paid to him for each year. * * * That there were also other goods manufactured in the shop, over which plaintiff was foreman and superintendent as aforesaid, and that plaintiff fraudulently, and with the intent to make gain to himself in his posi-

tion, caused the force to work on other goods, instead of the goods on which plaintiff was to be paid a royalty, thus greatly reducing the output of the goods on which plaintiff was to be paid a royalty during the last two months of *the year ending with December 30 (sic), 1888;* that it was the duty of said plaintiff to have manufactured and delivered enough of the goods, upon which a royalty was being paid him, during the months *of November and December, 1888,* to have made the royalties thereon, with what had been manufactured and delivered *the previous ten months, equal $5,500,* so as to have saved this defendant from paying an excess of royalties on goods actually made and delivered.''

The cause was tried before a jury, the trial resulting in a verdict and judgment for plaintiff in the sum of $555.41. The defendant, appealing, assigns for error the refusal of the court to sustain its demurrer to the evidence, the misdirection of the jury touching the construction of the contract, and excess in the verdict.

The defendant claims in support of the first two assignments that the words in the contract, *any year in which this agreement is in force,* meant the contract year, and not the calendar year; that the court should have so instructed the jury, and, as the plaintiff gave no evidence of a shortage in any contract year, the court should have sustained the defendant's demurrer to the plaintiff's evidence. We may readily concede for the purposes of the argument that the defendant's claim as to the true construction of the contract is correct; but how can that benefit the defendant now? The defendant by its answer admits that the construction claimed by the plaintiff, that the year meant a calendar year, is correct. The answer distinctly claims that the calendar year 1888, and not the contract year from January 19th, to January 19th was to be considered by the jury in determining the validity of the plaintiff's

claim.  All of the evidence offered by both parties was offered in support of that view.  The defendant's instructions are drawn on that view.  If the court committed error in that regard, it was an error into which it was lead by defendant's pleading, evidence and instructions, and it has long been a rule of appellate procedure in this state, that an appellant is estopped from complaining of errors into which he himself led the court.  *Crutchfield v. Railroad*, 64 Mo. 255; *Smith v. Culligan*, 74 Mo. 387; *Iron Mountain Bank v. Armstrong*, 92 Mo. 265; *Lee v. Hassett*, 39 Mo. App. 67.

Thus it will appear that, even had the court misconstrued the meaning of the term *year* in the sentence, "during any year in which this agreement is in force," the defendant by its conduct upon the trial would be estopped from assigning that action of the court for error.  We must add, however, that it is in nowise clear that, considering all the surrounding circumstances and undisputed facts, the court did misconstrue the meaning of that term.  That the contracting parties understood and used the term as meaning the calendar year appears from their conduct.  The case, therefore, appears to be one where, although the language employed is unambiguous, the ambiguity arises from surrounding circumstances, and, as Judge BLISS pertinently remarks in *St. Louis Gaslight Co. v. City of St. Louis*, 46 Mo. 121, it accords with every principle of reason and justice that in a case of that character parties should be permitted to construe their own agreement.

We may also add that there is nothing in the evidence even tending to show that the royalties in January, 1889, and up to the nineteenth of that month were in excess of the royalties in January, 1888, and up to the nineteenth of that month, although there is

evidence tending to show that the aggregate royalties for 1889 were in excess of those of 1888. There is, therefore, nothing to show that the defendant was substantially prejudiced by the court's assuming the calendar year instead of the contract year as a basis of account. On the question of the plaintiff's alleged fraudulent conduct the court instructed the jury on behalf of the defendant fairly and fully.

The complaint that the verdict is excessive is well founded. The plaintiff's petition claims $463.60, with interest from July 1, 1889. The date of the verdict is May 4, 1892, and its amount $555.41, showing an excess of $12.62. Attention to such excess was called by motion for new trial, and a *remittitur* for that amount should be entered in this court.

If the plaintiff will, within ten days from the date of filing this opinion, enter a *remittitur* for $12.62 in this court, the judgment will be affirmed for the residue. The costs of the appeal will be taxed against the respondent. So ordered. All the judges concur.