**Carl F. ZELLER, Plaintiff-Respondent,**

v.

**Eric JANSSEN, Defendant-Appellant.**

**No. 39018.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 16, 1978.

Motion for Rehearing and/or Transfer Denied July 14, 1978.

Robert W. Kaercher and Thomas M. Gioia, St. Louis, for defendant-appellant.

Martin Schiff, Jr., Webster Groves, for plaintiff-respondent.

GUNN, Presiding Judge.

The denouement of this court tried case for enforcement of a mechanic's lien is found by resolution of the two following basic issues: (1) whether there is a basis to affirm the trial court's finding for the plaintiff-respondent under the standard of review recited in Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976); and (2) whether the plaintiff-respondent lienor executed a waiver in satisfaction of all claims.

We find the judgment supported by the evidence and that there was no valid lien waiver as to the claims. Hence, we affirm the judgment of the trial court.

The parties have made this relatively simple case unnecessarily abstruse. Plaintiff-respondent Zeller has disdained any aid to the court and has filed no brief, preferring, instead, to rest his case on a motion to dismiss defendant-appellant Janssen's brief. While Janssen's brief is no paragon, we nevertheless deny Zeller's motion to dismiss Janssen's brief and determine the case on its merits.

■ The trial court could have found the following. An oral contract was entered into whereby Zeller, a carpenter, was to build a house for Janssen for a price of $9,380. Zeller completed approximately 68% of the house plus $403 in extra work and was thereafter prevented by Janssen from doing any further work. Janssen paid Zeller $3,000 as part payment for the work completed. After Janssen refused to permit Zeller to continue work, Zeller duly filed his mechanic's lien and brought suit in quantum meruit for the reasonable value of work performed and not paid for—a legitimate course of action. See: *Curators of University of Missouri, ex rel. Shell-Con, Inc. v. Neb. Prestressed Concrete Company,* 526 S.W.2d 903 (Mo.App.1975). Sixty-eight percent of the contract price of $9,380, minus $3,000 paid on account, plus $403 in working extra equals $3,783.[1] The trial court's judgment was for $3,783, plus 6%

interest from the time the account accrued. We find that the judgment is supported by the evidence and comports with the standard of review recited in Rule 73.01 and *Murphy v. Carron,* supra.

■ There were mighty contradictions between Zeller's and Janssen's evidence, including the quantity and quality of the work done. But such contradictions are for resolution by the trial court, and we do not interfere in that regard. *Cloyd v. Cloyd,* 564 S.W.2d 337 (Mo.App.St.L.Dist., 1978); *Intertherm, Inc. v. Coronet Imperial Corp.,* 558 S.W.2d 344 (Mo.App.1977); *Kim Mfg., Inc. v. Superior Metal Treating, Inc.,* 537 S.W.2d 424 (Mo.App.1976).

■ Janssen argues that Zeller had given a lien waiver in exchange for the $3,000 payment for work performed. This is so, but there was work done subsequent to the date for which no payment was received and which formed the basis for Zeller's cause of action. There was no consideration for any lien waiver for work performed subsequent to the $3,000 payment. The lien waiver given did not extend beyond the time for which the consideration was given for services performed. Thus, no basis exists for Janssen's argument on this point. See *Herbert & Brooner Construction Co. v. Golden,* 499 S.W.2d 541 (Mo.App.1973); *St. Louis Flexicore, Inc. v. Lintzenich,* 414 S.W.2d 787 (Mo.App.1967).

An extended opinion would have no precedential value, and the judgment is affirmed in accordance with Rule 84.16(b).

WEIER and KELLY, JJ., concur.

---

1. 68% of the $9,380 is actually $6,378.40, not $6,380 as found by the trial court. But the evidence was that the house was *approximately* 68% completed, thus allowing for the $1.60 difference.