On appellant's reconsideration filed October 27, 1982, reconsideration allowed, former opinion (59 Or App 486, 651 P2d 172) adhered to January 12, reconsideration denied March 4, petition for review denied April 6, 1983 (294 Or 682)

## PORTLAND ELECTRIC & PLUMBING CO.,
*Respondent - Cross-Appellant,*

*v.*

## SIMPSON,
*Appellant - Cross-Respondent,*

(No. 41-169; CA A21377)

656 P2d 394

James B. Richardson, Beaverton, and Rueppell, Crow & Richardson, Beaverton, for petition.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant Simpson had petitioned the Supreme Court for review of our decision in *Portland Elec. & Plum. v. Simpson,* 59 Or App 486, 651 P2d 172 (1982). The petition for review constitutes a petition for reconsideration by this court. ORAP 10.10. We grant the petition but adhere to our former opinion.

■ Each of defendant's checks contained a stamped form of release of lien rights, providing that endorsement of the check constituted execution of the release. The check containing the release in issue was dated March 10, 1980, and was in the amount of $37,260. We held that the release was effective only as to a lien for materials delivered through February 25, 1980.

■ In reviewing the exhibits again, in the process of our reconsideration, we note that the release form on the back of the check dated March 10, 1980, does not run in favor of this defendant. The release on each of the other checks runs to:

"HOLLY TREE ASSO. LTD.
5355 MURRAY BLVD. S.W.
BEAVERTON, OREGON 97005
or the owner thereof * * *."

The release on the back of the check dated March 10, 1980, runs to:

"WOODLAND PARK PROPERTIES LTD.
280 12th STREET
HILLSBORO, OREGON 97123
or the owner thereof * * *."

"Woodland Park Properties Ltd." is not a party to this action and neither it nor its owner is identified in the record. Assuming *arguendo* that the release operated to release all liens of plaintiff up to the date of the check, it could not run in favor of defendant because he was not the party named in the release.

Reconsideration granted; former opinion adhered to.