**Leon KACKLEY and Mary Kackley, Respondents,**

v.

**Norma BURTRUM, Appellant.**

**No. 21140.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 10, 1997.

John M. Garrity, Susanna Jones, Garrity and Jones, Joplin, for appellant.

Henry S. Clapper, Monett, for respondents.

CROW, Presiding Judge.

Plaintiffs, Leon Kackley and Mary Kackley,[1] sued Defendant, Norma Burtrum, praying for enforcement of an alleged contract wherein Defendant agreed to sell a parcel of real estate (on which a house is situated) to Plaintiffs. Defendant counterclaimed, seeking ejectment of Plaintiffs from the subject property, together with a monetary award for the fair rental value of the property during the time Plaintiffs occupied it.

The trial court heard the case without a jury. Plaintiffs produced no written contract, but presented evidence of an oral contract wherein (a) Defendant agreed to sell the property to Plaintiffs for $8,000, (b) Plaintiffs agreed to perform work for Defendant at specified rates, (c) the earnings due Plaintiffs from Defendant for the work were to be credited against the purchase price, and (d) Plaintiffs performed work entitling them to a $4,236 credit.

The trial court found for Plaintiffs and entered judgment commanding Defendant to convey the property to Plaintiffs upon payment by Plaintiffs to Defendant of $3,764. The trial court denied Defendant's counterclaim.

Defendant appeals.

■ Our review of this court-tried case is governed by Rule 73.01(c),[2] as construed in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32[1].

Defendant testified she did not enter into any contract to sell Plaintiffs the property. Although the trial court found otherwise, the judgment contains no finding as to whether the contract was written or oral.

■ On appeal in a court-tried case, all fact issues upon which the trial court made no specific findings shall be considered as having been found in accordance with the result reached. Rule 73.01(a)(3); *Reed v. Reberry*, 883 S.W.2d 59, 61[1] (Mo.App. S.D. 1994); *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 334[2] (Mo.App. S.D. 1991). The appellate court assumes the trial court believed the testimony consistent with its judgment. *Matthews v. Moore*, 911 S.W.2d 664, 668[3] (Mo.App. S.D.1995); *In re Marriage of Dempster*, 809 S.W.2d 450, 456 (Mo.App. S.D.1991).

In compliance with the authorities set forth in the preceding paragraph, we shall base our review in this appeal on the premise

---

1. Leon is Mary's uncle, *i.e.*, Leon and Mary's father are brothers.

2. Rule references are to Missouri Rules of Civil Procedure (1997).

that the trial court found the contract between Plaintiffs and Defendant was oral, as Plaintiffs testified.

 The law governing enforcement of an oral contract for the sale of real estate is set forth succinctly in *Skaggs v. Dial,* 861 S.W.2d 188 (Mo.App. W.D.1993), cited in Defendant's brief (and also in Plaintiffs' brief):

> "An oral agreement for the sale of real property falls squarely within the Statute of Frauds, § 432.010, RSMo 1986, and will not be enforced at law. *Straatmann v. Straatmann,* 809 S.W.2d 95, 98 (Mo.App. 1991). Equity will decree specific performance of such a contract, however, if a party has acted to such a degree upon the contract that denying the party the benefit of the agreement would be unjust. *Id.*"

*Skaggs,* 861 S.W.2d at 191[3–5].

Defendant's sole point relied on reads:

> "The trial court erred in granting specific performance for a contract for the sale of real property in that there was no claim of a written contract for the sale of real property or evidence of a memorandum in writing and signed by the parties for the sale of real property. The court's ruling fails to apply the Statute of Frauds to the facts of this case. Had the court properly applied the Statute of Frauds, specific performance would have been denied. Had specific performance been denied, the issues of ejectment and rent raised in Appellant's counterclaim would have been decided in Appellant's favor with rent calculated as the difference between the fair rental value of the house and the value of the work performed by Respondents at Appellant's behest. The court's ruling has prejudiced Appellant by leaving her with all of the burdens of property ownership and none of the benefits."

Rule 84.04(d) reads, in pertinent part:

> "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...."

The purpose of the rule and the necessity of obeying it are fully explained in the oft-cited case of *Thummel v. King,* 570 S.W.2d 679, 684–88 (Mo. banc 1978). Anyone drafting a point relied on can find guidance there.

The first sentence of Defendant's point relied on states the trial court erred in granting specific performance. Neither that sentence nor the two sentences which immediately follow it enlighten us as to wherein or why that ruling was erroneous. The only clue the first sentence provides is the averment that there was no claim of a written contract for the sale of the property or evidence of a written memorandum signed by the parties.

 *Skaggs,* cited by Defendant, clearly explains that equity will decree specific performance of an oral contract for the sale of real estate if a party has acted to such a degree upon the contract that denying the party the benefit of it would be unjust. 861 S.W.2d at 191[3–5]. Consequently, where (as here) a record on appeal indicates that a trial court found the parties made an oral contract for the sale of real estate, an assignment of error averring there was no claim of a written contract or evidence of a memorandum signed by the parties sets forth no explanation as to wherein or why it was error for the trial court to grant specific performance.

The second sentence of Defendant's point relied on avers the trial court failed to apply the Statute of Frauds to the facts of this case. The third sentence of Defendant's point relied on avers that had the trial court properly applied the Statute of Frauds, specific performance would have been denied.

Nowhere in either of those sentences do we find any hint as to wherein or why it was error for the trial court to fail to apply the Statute of Frauds, nor do we discover any inkling as to wherein the trial court allegedly misapplied the Statute of Frauds.

 It is thus manifest that the first three sentences of Defendant's point relied on fail to satisfy the requirements of Rule 84.04(d), hence they present nothing for review. *Thummel,* 570 S.W.2d at 684–88.

The final two sentences of Defendant's point relied on do not cure the deficiency. Those sentences merely state that had the trial court denied specific performance, the

court would have ruled for Defendant on her counterclaim. While that is a reasonable hypothesis, it fails to set forth wherein or why the trial court erred in granting specific performance.

We therefore hold Defendant's point relied on presents nothing for our review. However, Rule 84.13(c) grants an appellate court discretion to consider plain errors affecting substantial rights, though not raised or preserved, if the appellate court finds that manifest injustice or miscarriage of justice has resulted therefrom. Accordingly, we have seined the argument portion of Defendant's brief in an effort to discover the theory of error she meant to assert in her point relied on—a task we are not obliged to undertake. *Tripp v. Harryman,* 613 S.W.2d 943, 950[11] (Mo.App. S.D.1981); *Cole v. Cole,* 516 S.W.2d 518, 520[5] (Mo.App.1974).

The argument portion of Defendant's brief refers to a segment of *Skaggs,* 861 S.W.2d at 191–92, which quotes a passage from *Walker v. Bohannan,* 243 Mo. 119, 147 S.W. 1024, 1028–29 (1912), setting forth eight elements of proof required for specific performance of an oral contract to convey real estate. Defendant points out that the fifth element is stated thus: "the proof of the contract as pleaded must be such as to leave no reasonable doubt in the mind of the chancellor that the contract as alleged was in fact made, and that the full performance, so far as lies in the hands of the parties to perform, has been had." 147 S.W. at 1028–29[1].

Three pages later in the argument portion of Defendant's brief, we find an averment that Plaintiffs' *petition* contains no allegation that Defendant agreed to sell the property.

Although Plaintiffs' petition is not a paradigm of precise draftsmanship, it can reasonably be read to plead that Defendant agreed to the sale. More importantly however, both Plaintiffs testified that Defendant agreed to sell the property to them for $8,000, and that Defendant agreed to give Plaintiffs credit against that sum for the work they did for

Defendant. Defendant registered no objection to that testimony on the ground that it pertained to an unpled theory.

■ When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Rule 55.33(b). Failure to timely and specifically object to evidence on the ground that it is beyond the scope of the pleadings constitutes consent for determination of issues thereby raised. *Midwest Materials Co. v. Village Development Co.,* 806 S.W.2d 477, 488[8] (Mo.App. S.D.1991). Issues raised by implied consent are treated as if raised by the pleadings even though the pleadings are not formally amended to conform to the evidence. *Id.*[3]

We therefore hold that if Defendant intended to predicate error on the theory that Plaintiffs' petition failed to plead an oral contract for sale of the subject property, such a claim of error would be futile.

■ If Defendant intended to predicate error on the theory that the evidence was insufficient to support a finding that the parties made an oral contract on the terms testified to by Plaintiffs, such a claim of error would likewise be futile. In addition to Plaintiffs' testimony, there was testimony by Defendant that she kept a written record of the amount of work Plaintiff Leon Kackley performed for her. The record was received in evidence as Defendant's Exhibit 3. One entry on the exhibit is:

> "8000 — house
> 2064 — his labor
> ─────────
> 5,936.00 Due Me"

Defendant was questioned about that entry at trial. She avowed it pertained to work performed for her by another individual and did not "have anything to do with this deal." Asked whether the other individual was buying a house from her for $8,000, Defendant replied, "No." She added, "That's been too long ago for me to remember what it was[.]"

---

3. We are mindful that evidence received without objection will give rise to an amendment of the pleadings by implied consent only when it bears solely on the proposed new issue and is not relevant to some other issue already in the case.

*Lester v. Sayles,* 850 S.W.2d 858, 868–69[13] (Mo. banc 1993). That exception does not apply here, as Plaintiffs' testimony regarding the oral contract was pertinent to only that issue.

The trial court, of course, was not obliged to believe Defendant's explanation that the entry pertained to a different individual and a different transaction. The trial court was free to believe or disbelieve all, part or none of the testimony of any witness. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654[1] (Mo. banc 1989). Accordingly, the trial court could have reasonably found that inasmuch as (1) the entry was on the record Defendant kept regarding work by Leon Kackley, and (2) the figure "8000" for "house" was the price in the oral contract testified to by Plaintiffs, the entry corroborated Plaintiffs' testimony.

Elsewhere in the argument portion of Defendant's brief we find an assertion that the trial court "did not find that there had been full performance of the party seeking the equitable remedy of specific performance."

As reported earlier, the trial court found that the work Plaintiffs performed for Defendant entitled Plaintiffs to a $4,236 credit against the $8,000 purchase price. The judgment commands Defendant to convey the property to Plaintiffs upon payment by Plaintiffs to Defendant of $3,764 (the difference between Plaintiffs' credit and the purchase price).

As Plaintiffs point out, the "full performance" element set forth in the passage from *Walker*, 147 S.W. at 1028–29[1], quoted earlier in this opinion, requires that there be full performance "so far as lies in the hands of the parties to perform." Plaintiffs remind us they testified that after they had performed work for Defendant for several weeks, Defendant told Plaintiffs she no longer wanted them to do any work for her. Furthermore, Plaintiffs point out that Leon Kackley testified he asked Defendant about an abstract and deed to the property, and that he had sufficient funds to pay the $3,764 balance at that time.

Based on the evidence in the preceding paragraph, Plaintiffs argue—and we agree—that they performed their obligations under the contract insofar as Defendant allowed them to, and that Defendant prevented them from completing full performance. Accordingly, if Defendant intended to predicate error on the theory that Plaintiffs did not render "full performance," such a claim of error would be meritless.

Mindful that relief for plain error is granted only in exceptional circumstances when the reviewing court deems manifest injustice or a miscarriage of justice has occurred, and that such relief is rarely resorted to in civil cases, *Slankard v. Thomas*, 912 S.W.2d 619, 628[20] (Mo.App. S.D.1995), we find no reason for such relief here. Plaintiffs presented evidence that the house on the subject tract was uninhabitable at the time they contracted with Defendant to buy it, and that after entering into the contract they (Plaintiffs) performed work and supplied materials aggregating $17,886.36 in making improvements to the house. Assuming, as we must, that the trial court believed that evidence, *Matthews*, 911 S.W.2d at 668[3], we find no manifest injustice or miscarriage of justice in the trial court's decision to compel Defendant to perform the contract. Indeed, denying Plaintiffs the benefit of the contract would be unjust.

Judgment affirmed.

PARRISH, J., and MONTGOMERY, C.J., concur.