**LANDVATTER READY MIX, INC.,**
**Plaintiff/Respondent,**

v.

**Karen BUCKEY and Trout Development, Inc., et al., Defendants/Appellants.**

**No. 71233.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 16, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 11, 1998.

Application to Transfer Denied
April 21, 1998.

Robert J. Guinness, St. Charles, for Defendants/Appellants.

Michael P. Steeno, St. Louis, for Plaintiff/Respondent.

RHODES RUSSELL, Judge.

Landowners appeal from the judgment of the trial court granting Landvatter Ready Mix, Inc. ("supplier"), a mechanic's lien on landowners' real estate. Landowners argue that the trial court's entry of the lien was erroneous in that supplier had executed a lien waiver expressly waiving "any and all lien" on the subject real estate. We affirm in that we find that the lien waiver did not extend to concrete delivered after the waiver's execution.

The facts are undisputed. Landowners[1] were renovating their two townhouses in St. Louis. R. Green & Sons Construction, Inc., ("subcontractor") hired supplier to provide concrete for the renovation. The landowners' funds for the project were distributed by Commonwealth Land Title Insurance Company ("escrow agent").

Supplier made its first concrete delivery to the property on February 23, 1994, billing subcontractor $1,194.10 for this material. On February 28, 1994, supplier prepared, executed, and delivered to escrow agent a lien waiver. Supplier was paid the $1,194.10 due for that concrete delivery. On March 2 and 10, 1994, supplier made two additional deliveries to the property for which it billed subcontractor $4,399.25 by invoice dated March 12, 1994. On March 16 and 17, 1994, supplier delivered materials to the property and billed subcontractor $2,106.80 by invoice dated March 31, 1994. Supplier did not execute any subsequent lien waivers. Although landowners fully paid their general contractor, supplier never received payment for any of the concrete delivered in March totaling $6,506.05. On September 13, 1994, supplier filed a statement for a mechanic's lien for that amount along with a petition to enforce the lien.

After a bench trial, the court entered a default personal judgment for $6,506.05 for supplier and against subcontractor, as well as a personal judgment for supplier and against landowners in the same amount. Although supplier requested the entry of a mechanic's lien, no lien was granted by the trial court.

Landowners subsequently filed a motion to amend the judgment. They asked the court

---

1. For purposes of this appeal, we refer to Karen Buckey and her co-defendant, Trout Development, Inc., collectively as landowners. The record is unclear as to Buckey's exact interest in the property.

to strike the judgment against them and enter judgment in favor of them and against the supplier on its mechanic's lien, or, in the alternative, to strike the personal judgment against landowners and enter a judgment limited to enforcement of a mechanic's lien on the property. The trial court entered an amended judgment and order maintaining the personal judgment against subcontractor who was in default, vacating the personal judgment against the landowners, and entering a new judgment granting supplier a mechanic's lien on landowners' property in the amount of $6,506.05. Landowners appeal.

Our standard for review in construing the supplier's written lien waiver is *de novo* after independently considering the evidence and reaching our own conclusions. *Anchor Centre Partners v. Mercantile Bank*, 803 S.W.2d 23, 32 (Mo. banc 1991); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The construction of written documents is ordinarily a question of law, not fact. *Anchor Centre Partners*, 803 S.W.2d at 32. The trial court's construction of a document is a legal conclusion, and is not binding on appeal. *Id.*

■ Landowners' first point alleges that the trial court's entry of the mechanic's lien was erroneous because it failed to enforce supplier's lien waiver according to its terms. We disagree.

The lien waiver prepared and executed by supplier on February 28, 1994, stated:

> ... We the undersigned for and in consideration of the sum of Eleven Hundred Ninety Four & 10/100, and other good and valuable considerations, the receipt of which is hereby acknowledged, we do hereby waive and release any and all lien, and claim or right to lien on said above described building and premises under the Statutes of the State of Missouri relating to Mechanic's Liens, on account of labor and materials, or both, furnished by the undersigned to or on account of the said R. Green & Sons for said building and premises.

Landowners contend that this waiver unambiguously waived all right to a lien on the job and, therefore, supplier waived its rights to a lien on the property for the March deliveries. We do not agree that the lien waiver extended to future deliveries.

In *Zeller v. Janssen*, 569 S.W.2d 5, 6 (Mo. App.1978), we held that the lienholder's waiver of a mechanic's lien did not extend beyond the time for which consideration was given for services performed and did not apply to subsequent work for which there was no consideration. Landowners argue that *Zeller* is distinguishable because the lien waiver therein specified that it was waiving any and all claim or right to lien on account of labor or materials "furnished by the undersigned up to this date."[2] The opinion in *Zeller*, however, did not set out or refer to the language used in the lien waiver as a basis for its holding. Although inclusion of such language would make the waiver clear, and perhaps represents a better practice, we do not believe that the omission of the language "up to this date" in the lien waiver extends the lien waiver to future deliveries of materials which were not included in the payment.

■ The primary rule in the interpretation of written documents is to ascertain the intent of the parties and to give effect to that intent. *CB Commercial Real Estate Group, Inc. v. Equity Partnerships Corp.*, 917 S.W.2d 641, 646 (Mo.App.1996); *see also* 53 Am.Jur.2d Mechanics' Liens section 294, at 828–30 (1970); *Metropolitan Federal Bank v. A.J. Allen*, 477 N.W.2d 668 (Iowa 1991) (interpreting mechanics' lien waiver documents); *Portland Elec. & Plumbing Co. v. Simpson*, 59 Or.App. 486, 651 P.2d 172 (1982) *aff'd*, 61 Or.App. 266, 656 P.2d 394 (1983) (scope and effect of lien waiver is to be determined from language of document, sequence of events, and surrounding circumstances).

■ It has long been the rule that a mechanic's lien claim may be waived, but the intention to do so must be clearly manifested. *Herbert & Brooner Const. Co. v. Golden*, 499

---

**2.** Landowners' counsel has obtained a copy of the lien waiver form used in *Zeller;* it did not appear in the opinion.

S.W.2d 541, 545 (Mo.App.1973); *Lee v. Hassett,* 39 Mo.App. 67, 71 (1889). In addition, a party may waive in advance the benefits of the mechanic's lien law. *Keller v. Home Life Ins. Co.,* 95 Mo.App. 627, 69 S.W. 612, 615 (1902). However, the intention to waive any future claim, like the intention to waive a present claim, must be clearly manifested. *Lee,* 39 Mo.App. at 71. Intention must be determined from the surrounding facts and circumstances. *Langdon v. Kleeman,* 278 Mo. 236, 211 S.W. 877, 878 (1919).

The language of the lien waiver herein does not clearly manifest an intent to waive mechanic's lien rights accruing subsequent to the date of the waiver. The waiver merely releases "any and all lien ... on account of labor and materials, or both, furnished by the undersigned ... for said building and premises." The lien employs the past tense verb "furnished," while it includes no prospective language at all. Had supplier intended to waive subsequent lien rights, the waiver could easily have been modified to waive rights for materials "to be furnished" or for materials supplied "hereafter." *See Metropolitan Federal Bank v. A.J. Allen,* 477 N.W.2d 668, 674 (Iowa 1991) (holding waiver of "any and all lien ... on account of any labor, materials and services rendered or furnished" was not intended to waive rights accruing subsequent to the execution of waiver).

In the facts and circumstances of this case we find additional support that supplier had no intention, when it executed the lien waiver in February in connection with materials delivered in February, to waive lien rights as to future deliveries of materials for which billing and payment had not yet occurred. Supplier's president testified that the waiver corresponded to the February invoice for the February 23, 1994 delivery of concrete. He further testified that he understood a waiver was only final if he marked it "final." Supplier's president did not testify that he intended to waive anything other than the right to claim a lien for the amount actually paid to supplier. The waiver was executed in consideration of the payment of the exact amount billed and due on past deliveries. There was no evidence of any conversation,

inducement, or promise to show the parties contemplated waiver on future deliveries of materials or had any reason to waive lien rights on future deliveries. Further, there was no evidence of payment or consideration apart from payment to support such a waiver.

Instructive on this issue is *Lee v. Hassett,* 39 Mo.App. at 71. In that case the contractors, who had a plastering contract with the owner of four houses, signed an instrument waiving "any and all liens which they now or may hereafter have ... for work or labor done or materials or fixtures furnished by them" on the houses. The contractors intended to waive future liens to allow the owner to secure an advance to pay off an old encumbrance and obtain a new mortgage. No work was done under the original contract, and at a later time the contractors entered into a new contract with owner for plastering the same houses. Contractors completed part of the work, but were not timely paid so they abandoned the project and filed a lien. In defense, the owner argued that the lien waiver was equivalent to a perpetual waiver of lien for all work and materials furnished, then or thereafter, by contractors on the four houses. This court held that the lien waiver must be read to be limited to labor and materials furnished under *existing* contracts. *Lee,* 39 Mo.App. at 71 (emphasis added). The evidence did not show any purpose to give a perpetual lien waiver on the property, only a purpose to give one mortgage precedence. *Id.*

Similarly, the language of the lien waiver and the evidence in this case do not show any intent or purpose to waive a lien for materials delivered in the future. The lien waiver must necessarily be read to be limited to materials already delivered and to have no prospective application. The omission of the words "up to this date" in this lien waiver, which was given in consideration of payment of the exact amount billed on past deliveries of materials, does not clearly manifest an intent to waive future lien claims which may arise with respect to future deliveries of materials.

█ In addition, statutes creating mechanic's liens are remedial in nature and

should be given a liberal construction so as to effectuate their object and purpose and protect the claims of the mechanics and materialmen. The mechanic's lien law is to be construed as favorably to the materialman as its terms permit. *Refrigeration Supplies, Inc., v. J.L. Mason of Missouri, Inc.,* 872 S.W.2d 105, 107 (Mo.App.1994). Thus, any ambiguity in the waiver of a mechanic's lien should be resolved in favor of the lien. Point one is denied.

In their second point, landowners assert that the lien waiver was valid as to subsequent deliveries because they relied to their detriment on the waiver in disbursing payment to contractor. For a lien waiver to be valid, it must be supported by consideration or must induce the party receiving the waiver to detrimentally change its position in reliance upon the waiver. *P & K Heating and Air Conditioning, Inc. v. Tusten Townhomes,* 877 S.W.2d 121, 123 (Mo.App.1994).

We have found herein that the lien waiver, as a matter of law, did not waive future lien rights. Therefore, the validity of the lien is not at issue and estoppel to deny an invalid lien does not arise. The parties' intention not to waive future rights precludes any assertion of estoppel. Point denied.

In their final point, landowners allege that the trial court erred in granting supplier a mechanic's lien because supplier's petition failed to state a cause of action. Landowners aver that supplier failed to plead and prove that landowners contracted with subcontractor for the concrete, and that such proof is an essential element of a mechanic's lien claim.

In order to successfully enforce a mechanic's lien, the plaintiff must plead and prove each element of the mechanic's lien statute. *Herbert & Brooner Construction Co.,* 499 S.W.2d at 545. One of the statutory elements is proof that the materials were provided "under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor." Section 429.010 RSMo (1994).

Landowners concede that supplier successfully showed that it supplied materials under a contract with subcontractor that went to the renovation site. They assert, however, that supplier failed to meet its burden in that its petition nowhere asserted that subcontractor had a contract with landowners for the concrete delivered by supplier. Landowners further maintain that supplier did not prove at trial that they or their general contractor had contracted with subcontractor for supplier's concrete.

An appellate court will not find error on an issue which was never presented to the trial court for decision. *Boatmen's Bank of Southern Missouri v. Foster,* 878 S.W.2d 506, 508 (Mo.App.1994). Appellate courts will not decide issues raised for the first time on appeal. The failure of a litigant to bring an issue before the trial court results in a waiver of the litigant's right to seek review of that issue on appeal. *See, e.g., Southwestern Bell Telephone Co. v. Buie,* 689 S.W.2d 848, 853 (Mo.App.1985).

The alleged deficiency in supplier's petition that landowner now complains of was not raised in the trial court. Landowners have waited to raise the issue here for the first time. *See CB Commercial Real Estate Group, Inc. v. Equity Partnerships Corp.,* 917 S.W.2d 641, 644–45 (Mo.App.1996).

Landowners assert, however, that supplier's failure to state a cause of action may be raised at any juncture, including on appeal. Rule 55.27(g)(2) provides, in part, "[a] defense of failure to state a claim upon which relief can be granted ... may be made ... on appeal." This is so because a pleading which states no cause of action confers no subject matter jurisdiction on a court. *Phillips v. Bradshaw,* 859 S.W.2d 232, 234 (Mo. App.1993). The only power a court without subject matter jurisdiction possesses is the power to dismiss the action. *Id.* Landowners' third point, therefore, requires us to determine whether supplier's petition pled a cause of action.

Supplier's petition alleged that it supplied concrete under a contract with subcontractor. Supplier's petition further alleged that landowners held interests in the real estate. But the petition failed to assert that a contract existed between subcontractor and landowners or between subcontractor and Trout Development, as the general contractor.

■ The trial court, however, properly entered the mechanic's lien because evidence relevant to the contractual relationship was introduced at trial without specific objection by landowners, and the introduction of that evidence constituted amendment of the parties' pleadings by implied consent.

■ Failure to timely and specifically object to evidence on the ground that it is beyond the scope of the pleadings constitutes consent for determination of issues thereby raised. *Kackley v. Burtrum,* 947 S.W.2d 461, 465 (Mo.App.1997). The only objection lodged by landowners occurred when supplier requested the entry of the escrow agreement into evidence. Landowners generally objected "as to relevance." The failure to specifically object to the evidence on the grounds that it was beyond the scope of the pleadings constitutes consent to trial of the issue. *See Kackley, supra.*

Not only did landowners fail to specifically object to supplier's evidence, but they introduced their own evidence of their contractual relationship with escrow agent. *See Justus v. Webb,* 634 S.W.2d 567, 569 (Mo.App.1982). Landowners themselves called escrow agent's representative as a witness. On direct examination, landowners elicited testimony regarding the contractual relationship between escrow agent and themselves. The representative testified on direct that subcontractor was on a list of payees. The representative further testified that subcontractor was not paid by escrow agent until supplier's lien waiver was received.

■ When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Rule 55.33(b). Issues raised by implied consent are treated as if raised by the pleadings even though the pleadings are not formally amended to conform to the evidence. *Kackley,* 947 S.W.2d at 465.

Landowners maintain that implied consent only arises if: (1) the opposing party fails to object to the evidence and (2) the evidence is admissible solely on the subject of the amendment, and not on any other issue already in the case. *Mahan v. Missouri Pa-*

*cific R. Co.,* 760 S.W.2d 510, 514 (Mo.App. 1988). Landowners assert that they did object to the entry into evidence by supplier of the escrow agreement, and that both the escrow agreement and the testimony of escrow agent's representative were relevant to other issues already in the case.

We must consider all fact issues upon which no specific findings were made by the trial court to have been found in accordance with the result reached. *P & K Heating and Air Conditioning, Inc.,* 877 S.W.2d at 124. The trial court's implicit finding that the concrete was supplied under a contract with landowners was supported by the evidence. Supplier introduced evidence at trial that Trout Development, as owner and general contractor, entered into a construction escrow agreement with escrow agent for the disbursement of funds for the renovation project. Escrow agent's representative testified that escrow agent had a list of payees which included subcontractor, and that payment was made to subcontractor only after escrow agent received supplier's lien waiver. The concrete delivered in March was used in the same project as the first delivery, and all deliveries were made in close time proximity to one another. We believe that this evidence was sufficient to support an implicit finding by the trial court that subcontractor had a contract with landowners for the concrete provided by supplier.

In addition, landowners' reliance on the proposition that pleadings can be amended by implied consent only when the evidence is solely relevant to an unpleaded issue is misplaced. First, that proposition originated in cases in small claims court and the associate division where formal pleadings are not required. Section 517.031 RSMo (1994); Rule 147; *Richardson v. Collier Bldg. Corp.,* 793 S.W.2d 366, 374 (Mo.App.1990). Second, landowners cannot claim they were surprised because all of the facts relevant to the contractual relationship were known to them, and, in fact, most of such facts were offered in evidence by landowners. *Richardson,* 793 S.W.2d at 374. Third, in this court-tried case, there was no danger of a jury becoming confused or prejudiced by evidence outside the pleadings. *Id.*

In *Richardson v. Collier Bldg. Corp.*, 793 S.W.2d at 366, the Western District held that although the respondent had failed to properly plead the issues of waiver and failure to mitigate, they were tried by implied consent. The *Richardson* court explained that where the appellant itself had introduced most of the evidence on those issues in a court tried case, the rule requiring relevance only as to the unpleaded issue does not apply. *Richardson*, 793 S.W.2d at 374. The court stated:

> Appellant speaks of an alleged unfairness in this case by allowing amendment of the pleadings through implied consent. Actually, the unfairness would be in allowing appellant to take advantage of technical rules to exclude defenses to which it had full prior knowledge of the relevant facts.

*Id.*

The same policy applies with equal force here. Landowners were aware of the facts relevant to the contractual relationship between supplier and themselves and cannot claim surprise or prejudice. They, themselves, offered most of the evidence of those facts. Yet, landowners waited until appeal to object to the deficiency in supplier's petition rather than move to dismiss prior to or during trial to allow supplier an opportunity to cure the defect.

The testimony of escrow agent's representative and the introduction of the escrow agreement provided evidence sufficient to support the trial court's implicit finding of the necessary contractual relationship between subcontractor and landowners, and thereby with supplier. The introduction of this evidence cured any defect in supplier's pleadings. The petition did state a cause of action. Point denied.

The judgment is affirmed.

CRANE, P.J., and JAMES R. DOWD, J., concur.