Robert Brian BONE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. SC93047.

Supreme Court of Missouri,
En Banc.

July 16, 2013.

Rehearing Denied Aug. 13, 2013.

disqualify drivers who are convicted of an alcohol-related traffic offense from driving a commercial vehicle for not less than one year. In the driver's trial de novo hearing challenging the suspension of his license, the trial court ruled that sections 302.500 [2] and 302.700 violated the United States Constitution based on the recent decision of *National Federation of Independent Business v. Sebelius,* —— U.S. ——, 132 S.Ct. 2566, 183 L.Ed.2d 450 (2012) [hereinafter *NFIB* ], and reinstated his driving privileges, including his commercial driver's license (CDL).

This Court reverses the trial court's judgment as to the constitutional validity of section 302.700 under *NFIB* and denies the driver's other constitutional arguments. Rule 84.14.

## I. Background and Procedural History

Robert Brian Bone (Driver) was pulled over in the automobile he was driving for weaving in his lane. He subsequently failed two field sobriety tests: the one-leg stand; and the walk and turn. After submitting to a breath test, his blood alcohol level was measured as .096 percent. Driver's license was suspended in accordance with section 302.505 as he was arrested upon probable cause to believe that he was driving a motor vehicle with a blood-alcohol concentration of .08 percent or above. Because Driver's suspension of his license was an "alcohol-related enforcement contact[ ]," he was disqualified from driving a

Robert S. Adler, St. Louis, MO, for respondent.

James R. Layton, Attorney General's Office, Jefferson City, MO, for Appellant.

MARY R. RUSSELL, Chief Justice.

The driver of an automobile who was arrested for driving while intoxicated challenges the constitutional validity of sections 302.700 and 302.755.[1] These statutes

1. All statutory references are to RSMo Supp. 2012 unless otherwise indicated.

2. The trial court found both sections 302.500 and 302.700 to be in violation of the Untied States Constitution. Yet the driver, in his prayer for relief in his petition, sought to have sections 302.700 and 302.755 stricken, not section 302.500 as found by the trial court. It appears that the trial court meant to declare

section 302.505 unconstitutional because none of the definitions in section 302.500 implicate the decision in *NFIB*. Section 302.500 is a definition section, and its mention was possibly a scrivner's error. As such, this Court's discussion will address whether section 302.700 violates the United States Constitution.

commercial motor vehicle. Sections 302.525.3; 302.755.1(1).

Following an administrative hearing, Driver filed a petition for a trial de novo in the trial court. He objected to the Director of Revenue's (DOR) suspension of his driver's license and disqualification from holding a CDL following the driving-while-intoxicated charge. His petition challenged the constitutional validity of sections 302.505, 302.510, 302.515, 302.520, 302.525, 302.530, 302.540, and 302.545, alleging that they deprived him of property without due process of law and violated his rights to due process and to notice and hearing.

Driver filed an amended petition adding claims that sections 302.700 and 302.755 violated his rights to equal protection and due process of law. He alleged that there was no rational relationship between any legitimate government purpose and the law disqualifying a CDL holder from holding such a license if arrested and charged with DWI in a non-commercial vehicle. He also insisted that he was entitled to notification that submitting to a chemical test of his breath would disqualify him from holding a CDL if he tested over the legal limit.

At the August 2012 hearing on the petition in the trial court, Driver reiterated the arguments in his petition and made an additional argument that the statutes violated the United States Constitution under the United States Supreme Court decision in *NFIB*. In *NFIB*, a plurality of justices found that the Medicaid expansion contained in the Patient Protection and Affordable Care Act violated the Spending Clause of the United States Constitution by impermissibly coercing the states into accepting the terms of the Act. *NFIB*, 132 S.Ct. 2566, 2642–60. Driver claimed that

*NFIB's* holding prohibited the Missouri General Assembly's passage of statutes in violation of the United States Constitution. Specifically, he asserted that statutes limiting drivers to less than a .08 percent blood-alcohol concentration and disqualifying CDL holders for one year following an alcohol-related driving offense violated the United States Constitution pursuant to *NFIB*. He alleged the violation because the statutes were tied to the state's receipt of federal highway funding. At the hearing, he requested that the court take judicial notice *of NFIB* and federal law as facts supporting his argument that the General Assembly lowered its blood-alcohol concentration limit and entwined its CDL regulation with alcohol-related traffic offenses to avoid the loss of highway funding as set forth in federal law. *See* 23 U.S.C. § 163 (2006); 49 U.S.C. §§ 31311, 31314 (2006); 49 C.F.R. § 308.401 (2013).[3] Federal law encouraged such measures as passed by the Missouri General Assembly by granting federal highway funds if a state complied with the federal law and by reducing federal highway funding amounts if it did not. DOR made no objection to Driver's additional argument.

Following the hearing, the court issued findings of fact and conclusions of law determining that there was probable cause to arrest Driver for an alcohol-related traffic offense as Driver was driving a motor vehicle with a blood-alcohol concentration of .08 percent or higher. In addition, the trial court found that sections 302.500 and 302.700 were in violation of the United States Constitution based on *NFIB*. The trial court concluded that Driver's suspension should be removed from his driving record and that his driving privileges, including his CDL, should be reinstated. The

---

3. Although the transcript of the hearing does not reflect which federal laws Driver present-

ed to the trial court, DOR's and Driver's briefs outline the specific relevant laws.

court did not rule on Driver's other constitutional arguments, specifically, that his due process and equal protection rights were violated.

DOR appeals.

## II. Standard of Review

█ Article V, section 3 of the Missouri Constitution grants this Court exclusive jurisdiction to hear the appeals of cases that require determination of the constitutional validity of state statutes. Challenges to the validity of a statute are reviewed de novo. *F.R. v. St. Charles Cnty. Sheriff's Dep't*, 301 S.W.3d 56, 61 (Mo. banc 2010).

█ This Court presumes that a statute is valid and will not hold it to be in violation of the constitution unless it clearly contravenes a constitutional provision. *Id.* A person challenging the constitutional validity of a statute must meet his burden of proof by demonstrating that the act clearly and undoubtedly violates the constitution. *Id.*

## III. Driver's Constitutional Arguments Were Timely Made

Before examining the merits of the appeal, this Court addresses DOR's contention that Driver failed to raise his constitutional argument supported by *NFIB* at the first available opportunity and, as a consequence, waived that argument. *See Callier v. DOR*, 780 S.W.2d 639, 641 (Mo. banc 1989) (A constitutional question must be presented at the first available opportunity that orderly procedure and good pleading will allow given the circumstances of the case. Otherwise, the argument will be waived.).

After Driver's petition and amended petition were filed, the Supreme Court handed down its decision in *NFIB* on June 28, 2012. He first brought his arguments under *NFIB* to the attention of the trial court during the August 2012 hearing. He offered the decision and federal law as evidence in support of his argument. DOR made no objection.

█ Because Driver's argument under *NFIB* presented at the hearing was made at the first available opportunity, without objection, the argument was treated as an amendment of his pleadings. Under Supreme Court Rule 55.33(b), issues not raised in the pleadings are considered, in all respects, as if they had been raised by the pleadings when they are tried by implied or express consent of the parties. Trial by implied consent allows for issues not raised in the pleadings to be determined by the trial court when the party raising the issue offers evidence without objection by another party. *Smith v. City of St. Louis*, 395 S.W.3d 20, 25 (Mo. banc 2013). Failure to make a specific and timely objection to evidence beyond the scope of the pleadings amounts to consent for determination of the issues raised. *Kackley v. Burtrum*, 947 S.W.2d 461, 465 (Mo.App.1997). Issues raised by implied consent are determined as if they were part of the pleadings even though no formal amendment was made to the pleadings. *Id.*

█ Driver acknowledges that his argument under *NFIB* was first presented at the August 2012 hearing. At that time, DOR made no objection to Driver's argument that section 302.700 violated the United States Constitution under *NFIB* or to his submission of the decision and federal law as evidence of that constitutional violation. In failing to object to the argument under *NFIB* and the evidence, DOR impliedly consented to the trial court's determination of issues not raised in the pleadings. Although no formal amendment was made to the pleadings, the argument made under *NFIB* was tried by im-

plied consent and properly before the trial court for decision. Driver's argument under *NFIB* was timely made.

## IV. The Trial Court Erred in Finding Section 302.700 in Violation of the United States Constitution Under *NFIB*

■ Driver argues that *NFIB* requires this Court to invalidate state statutes that were allegedly passed in response to coercive federal legislation that would have withheld federal highway funding from the state if the state laws were not brought in compliance with the federal law. Specifically, Driver requests that this Court strike down various statutes that lowered the legal limit of blood-alcohol concentration from less than .10 percent to less than .08 percent for a driver as well as those that suspended a driver's CDL for a first alcohol-related offense in any motor vehicle. He contends that the federal law governing CDLs forced the Missouri General Assembly to adopt a similar compliant law in the state or be denied federal highway funding.

*NFIB* held that a Congressional mandate that required the states to expand Medicaid was an impermissible and coercive use of Congress' spending power.[4] The Supreme Court in *NFIB* saw Congress' conditioning of the use of federal funds for the healthcare mandate as taking "the form of threats to terminate other significant independent grants" and held that "the conditions are properly viewed as a means of pressuring the States to accept policy changes." *NFIB*, 132 S.Ct. at 2604. As such, the Supreme Court found the conditions in the federal law were viewed as coercive under the Spending Clause and

struck down that portion of the law. *Id.* at 2603–04.

Here, Driver makes no request to declare the underlying **federal law** granting or withholding federal highway funds to be in violation of the Spending Clause of the United States Constitution. And neither did the trial court so find. Instead, Driver argues that **state law** should be stricken as violative of the Spending Clause of the United States Constitution.

■ But the Spending Clause concerns Congress' power to tax and spend, not **state legislatures'** powers. *NFIB* does not address the validity of any **state law** that has been adopted in alleged response to federal laws that are found to be coercive to the states. *NFIB* does not hold that a **state law** can be found to be in violation of the Spending Clause of the United States Constitution.

As such, *NFIB* is inapplicable to Driver's argument, and his reliance is not well taken. The trial court's judgment finding section 302.700 in violation of the United States Constitution is reversed.

## V. Driver's Due Process and Equal Protection Arguments

■ Driver's petition and amended petition contend that sections 302.505, 302.510, 302.515, 302.520, 302.525, 302.530, 302.540, 302.545, 302.700, and 302.755 violate his due process and equal protection rights. At the hearing, Driver presented limited argument and evidence as to his due process and equal protection claims, none of which indicated that his rights were violated. The trial court made no findings of

---

4. The Spending Clause of the United States Constitution is found in article I, section 8, clause 1. It states: "The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States...." U.S. Const. art. I, § 8, cl. 1.

fact or conclusions of law as to his claims.[5] This Court reviews de novo Driver's due process and equal protection arguments made in the trial court and finds that they are without merit. This Court enters the judgment that the trial court ought to have given considering the argument and evidence before it. Rule 84.14. Driver's due process and equal protection arguments are denied.

## VI. Conclusion

Driver has failed to meet his burden of proof that section 302.700 clearly and undoubtedly violates the United States Constitution under *NFIB*. *F.R.*, 301 S.W.3d at 61. *NFIB* does not support a finding that section 302.700 violates the United States Constitution. Driver's other constitutional arguments are denied. Judgment is reversed.

All concur.

**5.** While the trial court did not make findings or conclusions on these arguments, this Court has subject matter jurisdiction because all requested relief was granted and the trial court's judgment was final for purposes of appeal. *State ex rel. Hilburn v. Staeden*, 62 S.W.3d 58, 61 (Mo. banc 2001).