On respondents' petition for reconsideration filed February 5, and appellant's response to respondents' petition for reconsideration filed February 12, reconsideration allowed; former disposition (268 Or App 623, 342 P3d 1075) withdrawn; former opinion modified and adhered to as modified; judgment on plaintiff's breach-of-contract claim reversed and remanded; otherwise affirmed May 13, 2015

Mark VUKANOVICH,
an individual,
*Plaintiff-Appellant,*

*v.*

Larry KINE,
an individual; and
Larry Kine Properties, LLC,
an Oregon limited liability company,
*Defendants-Respondents,*

*and*

STONECREST PROPERTIES, LLC,
an Oregon limited liability company;
Alan Evans, an individual; and
Charles Kingsley, an individual,
*Defendants.*

Lane County Circuit Court
161011969; A148776

349 P3d 567

Charles D. Carlson, Judge.

Helen C. Tompkins, for petition.

George W. Kelly, for response.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

LAGESEN, J.

**LAGESEN, J.**

Defendants petition for reconsideration of our decision in *Vukanovich v. Kine*, 268 Or App 623, 342 P3d 1075 (2015). For the reasons that follow, we allow the petition for reconsideration, withdraw our prior disposition, modify our prior opinion in the manner described and adhere to it as modified, and substitute a new disposition.

In *Vukanovich*, the jury returned a verdict in plaintiff's favor on claims for breach of contract and fraud, but the trial court granted judgment notwithstanding the verdict (JNOV) to defendants on those claims. The trial court had, alternatively, ruled that the equitable doctrines of unclean hands and equitable estoppel barred plaintiff from recovering on his claims. We affirmed in part and reversed in part. Specifically, we affirmed the trial court's grant of JNOV to defendants on plaintiff's fraud claim, but reversed the trial court's grant of JNOV to defendants on plaintiff's breach-of-contract claim. We held further that the trial court erred in concluding that plaintiff's recovery was barred by the equitable doctrines of unclean hands and equitable estoppel, concluding that the conduct of plaintiff on which the trial court predicated its ruling—all of which had occurred after defendants had terminated the contract—was insufficient as a matter of law to establish an unclean hands or equitable estoppel defense against plaintiff. Based on those determinations, we affirmed in part and reversed in part, remanding to the trial court with directions to reinstate the verdict on the breach-of-contract claim and enter judgment in favor of plaintiff on that claim.

In their petition for reconsideration, defendants argue, among other things,[1] that we procedurally erred by remanding with directions to the trial court to enter judgment in favor of plaintiff on the breach-of-contract claim. In defendants' view, the correct course of action was to remand to the trial court for further proceedings in connection with defendants' equitable defenses. Defendants point out that the record contains evidence of other conduct by plaintiff—other

---

[1] We reject without discussion all of defendants' arguments on reconsideration except for the argument that we expressly address herein.

than the conduct that we determined was insufficient to support the court's ruling and on which the court did not rely in making its earlier determination—that would permit the court to find in their favor on the equitable defenses. In particular, defendants point to evidence that could support a finding that plaintiff engaged in inequitable conduct in connection with the formation of, and during the life of, the contract. Defendants argue that we should remand to the trial court to evaluate in the first instance whether they can prevail on their equitable defenses based on that other evidence.[2] In response, plaintiff argues that we have already decided that issue. In addition, plaintiff points out that the trial court would necessarily have to make factual findings that conflict with the jury's verdict in order to rule in defendants' favor on the equitable defenses based on evidence of alleged inequitable conduct by plaintiff in connection with the formation of, and during the life of, the contract.[3]

We agree with defendants that the proper procedural course is to remand to the trial court to determine whether to credit the other evidence of the alleged inequitable conduct by plaintiff prior to the termination of the parties' contract and to determine, based on the court's factual findings, whether that inequitable conduct—if the court finds that it occurred—bars plaintiff's recovery on the breach-of-contract claim under the equitable doctrines of unclean hands and estoppel. *See Pereida-Alba v. Coursey*, 356 Or 654, 671-74, 342 P3d 70 (2015) (remanding to trial

---

[2] In our opinion, we rejected defendants' argument that the trial court's ruling on the equitable defenses could be sustained based on that evidence because "[t]he trial court made explicit on the record that it was relying on plaintiff's post-termination conduct to conclude that [the equitable defenses] barred plaintiff's recovery," and we were "thus unable to infer that the court also found that plaintiff had engaged in the alleged pretermination inequitable conduct, which plaintiff disputed." *Vukanovich*, 268 Or App at 641.

[3] The jury answered the following questions in the negative:

"Do you find that [d]efendant Larry Kine was induced into entering a contract with [plaintiff] through [p]laintiff's knowing or reckless misrepresentations or concealment of material facts known to [p]laintiff at the time promises were exchanged to enter into the contract?"

"Do you find that [plaintiff] breached the contract by failing to perform or comply with material terms or conditions of the contract?"

"Do you find that [plaintiff] breached the implied covenant of good faith and fair dealing in performing the contract?"

court to make pertinent factual finding and apply correct legal standard in the first instance, where court had not made pertinent factual finding in the light of prior legal error, but evidence in the record did not compel the facts to be found one particular way). The record indicates that the parties agreed that the equitable defenses would be tried to the court,[4] and it is for the trial court, not us, to determine in the first instance whether the remaining alleged inequitable conduct on which defendants predicate their defenses occurred, now that we have determined that the conduct that the court *did* find to have occurred was insufficient to support its ruling on the equitable defenses. Although plaintiff is correct that a ruling in defendants' favor on the equitable defenses based on plaintiff's conduct in connection with the formation and performance of the contract necessarily would require the trial court to find the facts differently from the jury, plaintiff does not present any developed argument as to why the trial court, sitting in equity, would be *precluded* from finding the facts differently from the jury, and the extent to which a jury's findings on a legal claim bind a trial court in its resolution of an equitable issue need not be addressed unless and until the trial court makes factual findings that conflict with the jury's findings.[5]

Accordingly, we modify our disposition as follows. The judgment is reversed and remanded for further proceedings consistent with this opinion with respect to the

---

[4] Although the record does not contain an express stipulation by the parties that the equitable defenses would be tried to the court, the "Neutral Statement of Case" filed by plaintiff indicates that some issues would be determined by the judge and that some issues would be determined by the jury. Although the statement does not identify what issues would be determined by the court, it does not include the equitable defenses among the issues to be decided by the jury. Further, when defendants reminded the court at the end of trial that it still needed to decide the equitable defenses, plaintiff did not object or otherwise indicate that plaintiff contemplated that the equitable defenses would be tried to the jury.

[5] As we observed in our original opinion, plaintiff did not preserve his argument on appeal that the trial court erred in concluding that defendants could raise equitable defenses to plaintiff's breach-of-contract claim. *Vukanovich*, 268 Or App at 639 n 10. We observe further that the law is unsettled as to whether and when a court sitting in equity is required to give weight to a jury's findings on a legal claim in the same case. *See generally* Steve Berman, *Avoiding Pyrrhic Victories, Risks in Joining Legal and Equitable Claims in Contract Cases*, Or St Bar Litig J, Spring 2015, at 11-13.

breach-of-contract claim; we otherwise affirm. Accordingly, our new disposition is as follows: "Judgment on plaintiff's breach-of-contract claim reversed and remanded; otherwise affirmed."

Reconsideration allowed; former disposition withdrawn; former opinion modified and adhered to as modified; judgment on plaintiff's breach-of-contract claim reversed and remanded; otherwise affirmed.