Argued and submitted May 31, 2018; petition for reconsideration allowed, opinion adhered to February 26, 2020

MINDFUL INSIGHTS, LLC,
an Oregon limited liability company,
*Plaintiff-Respondent,*

*v.*

VERIFYVALID, LLC,
a Michigan limited liability company,
*Defendant-Appellant,*

*and*

Paul DOYLE,
an individual and
Steve Sprindis, an individual,
*Defendants.*

Multnomah County Circuit Court
14CV11173; A161850

461 P3d 1034

Thomas M. Ryan, Judge.

On appellant's amended petition for reconsideration filed January 24, 2020, and respondent's response to petition for reconsideration filed January 30, 2020. Opinion filed December 11, 2019. 301 Or App 256, 454 P3d 787 (2019).

Sara Kobak, Sara C. Cotton, and Schwabe, Williamson & Wyatt, P.C., for petition.

Robyn L. Stein and Jordan Ramis PC for response.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Petition for reconsideration allowed; opinion adhered to.

## PER CURIAM

Defendant petitions for reconsideration of our decision in *Mindful Insights, LLC v. VerifyValid, LLC*, 301 Or App 256, 454 P3d 787 (2019). In that decision, we held that plaintiff's alternative theories of recovery based on an express contract and an implied-in-fact contract, although pleaded as separate "claims," presented only a single claim for purposes of determining the prevailing party under ORS 20.077. We further held that plaintiff, having prevailed on its implied-in-fact theory, was the prevailing party, so we then examined whether the terms of that implied-in-fact contract entitled plaintiff to a fee award. On that issue, we concluded that the implied-in-fact contract, unlike the alleged express agreement, did not include a term authorizing an award of attorney fees. *Id.* at 274.

Defendant urges us to reconsider our decision for two reasons: First, defendant argues that our opinion is internally inconsistent, treating plaintiff's complaint as alleging a single claim but also recognizing that plaintiff "presented two different and distinct contract claims to the jury"—"one based on the express terms of the [Master Consulting Services Agreement] and one based on the alternative, implied-in-fact agreement for a 'more limited set of promises around payment.'" (Quoting *id.* at 273). Second, defendant argues that our decision to recognize only one prevailing party is contrary to the "broad reciprocity mandated under ORS 20.096 and ORS 20.083."

Although defendant's argument suggest ambiguity where there is none, out of an abundance of caution, we take this opportunity to clarify what we said in our original opinion. Our holding that plaintiff alleged a single "claim" for purposes of ORS 20.077 was premised on the fact that plaintiff had alleged "alternative theories of recovery for the same conduct involving a breach of promises about the same services, and for the same amount of damages." 301 Or App at 270. We did not hold that the terms of the alleged express and implied-in-fact contracts must be identical, nor did our later acknowledgment of the differences in the two theories recognize "two different and distinct contract claims." Rather, we held that plaintiff presented the jury with a

single "claim" that included alternative specifications about when that underlying agreement was formed and what its terms were.

Defendant's second argument, which concerns the "broad reciprocity" intended by the legislature, was discussed and rejected in our original opinion. *Id.* at 271 n 5. We decline to revisit it. *See* ORAP 6.25(1)(e) ("Claims addressing legal issues already argued in the parties' briefs and addressed by the Court of Appeals are disfavored.").

Petition for reconsideration allowed; opinion adhered to.