No. 644            December 6, 2023            439

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DEVELOPMENT NORTHWEST, INC.,
an Oregon Corporation,
dba Wolcott Plumbing,
*Plaintiff-Respondent,*

*v.*

Valeriy ZHIRYADA,
an individual et al.,
*Defendants,*

*and*

NORTHWEST FREIGHT, LLC,
a Washington limited liability company,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CV13524; A178102

Christopher J. Marshall, Judge.

Argued and submitted March 24, 2023.

Geoffrey B. Silverman argued the cause for appellant. Also on the briefs was The Law Office of Geoffrey B. Silverman, LLC.

Thomas M. Christ argued the cause for respondent. Also on the brief was Sussman Shank LLP.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a supplemental judgment and money award awarding plaintiff $148,351.00 in attorney fees following a jury verdict in plaintiff's favor on a breach of contract claim.[1] In its first assignment of error, defendant asserts that the contract only permits awarding attorney fees incurred during binding arbitration, and therefore plaintiff was not entitled to fees incurred during court litigation and a trial. In its second assignment of error, defendant asserts that the trial court abused its discretion in awarding the amount of fees that it did. We conclude that the terms of the contract allow for attorney fees incurred at trial, and that the trial court did not abuse its discretion determining the fee award. We affirm.

A detailed recitation of the facts of this case would not assist the parties, the bench, or the bar, and we thus describe them only to the extent necessary to explain our decision. Defendant Northwest Freight, LLC, contracted with general contractor E&M Constructors, LLC (E&M) for a construction project. The contract they executed (the Main Contract) provided for payments to subcontractors to be made by defendant, instead of a more standard construction model of the owner paying the contractor and the contractor paying the subcontractors. E&M subcontracted with plaintiff Wolcott Plumbing to perform plumbing work on the project. The contract between E&M and plaintiff incorporated the terms of the Main Contract.

A dispute arose between plaintiff and defendant regarding payment for finishing work and a change order, the details of which are not relevant to the resolution of the matter before us. Plaintiff filed a suit against defendant for various claims, including breach of contract. Although the parties anticipated arbitration as a possible, if not primary, forum for dispute resolution, the dispute continued to be litigated in court without the objection of either party. The breach of contract claim was tried to a jury, which returned

---

[1] The supplemental judgment also awarded plaintiff $2,589.90 in costs and $3,615.31 in other expenses. Defendant raises no challenge to either of those awards. Regardless, the contract provision at issue covers both costs and attorney fees.

a special verdict in plaintiff's favor. Following the verdict, plaintiff requested and was awarded attorney fees, pursuant to the Main Contract.[2]

On appeal, defendant argues that the Main Contract does not allow for attorney fees to be awarded to the prevailing party unless the parties resolved the dispute through binding arbitration. Because the parties did not engage in arbitration, and instead proceeded to try the case in court, defendant asserts that plaintiff is not entitled to attorney fees. Plaintiff responds that the terms of the contract allow for attorney fees to be awarded for "any binding dispute resolution procedures," including litigation in court.

Although plaintiff was not a party to the Main Contract, the parties agree that plaintiff was a third-party beneficiary, in that, as a subcontractor, plaintiff's right to payment directly from defendant for plaintiff's work on the project was governed by the terms of the Main Contract. The parties further agree that if the Main Contract "specifically provides" for attorney fees and costs to be awarded, then those terms apply to plaintiff pursuant to ORS 20.096(1), which provides for reciprocity of attorney fees in proceedings to enforce contracts:

> "In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract."

ORS 20.096(1). Therefore, the issue before us is whether the Main Contract allows for attorney fees to be awarded when a dispute is resolved through litigation.

---

[2] In a bench trial on a separate lien foreclosure claim, the trial court ruled in favor of defendant, and awarded defendant attorney fees. Plaintiff has filed an appeal of the general judgment with respect to the lien foreclosure claim, which is before us in a separate appeal that we reverse and remand today in *Development Northwest, Inc. v. Zhiryada (A176707)*, 329 Or App 427 (2023) (nonprecedential memorandum opinion). The merits of that appeal do not affect this matter.

Under Oregon law, "the prevailing party on a breach-of-contract claim can recover its attorney fees if the terms of the contract, whether express or implied, authorize the award." *Mindful Insights, LLC v. VerifyValid, LLC*, 301 Or App 256, 258, 454 P3d 787 (2019), *adh'd to on recons*, 302 Or App 528, 461 P3d 1034 (2020), *rev dismissed as improvidently allowed*, 369 Or 69 (2021). In determining what the terms of a contract are,

> "the court looks at the four corners of a written contract, and considers the contract as a whole with emphasis on the provision or provisions in question. The meaning of disputed text in that context is then determined. In making that determination, the court inquires whether the provision at issue is ambiguous."

*Eagle Industries, Inc. v. Thompson*, 321 Or 398, 405, 900 P2d 475 (1995) (internal citations omitted). Whether the terms of a contract are ambiguous is a question of law. *Id.* A provision is ambiguous if it "'reasonably can, in context, be given more than one meaning.'" *Yogman v. Parrott*, 325 Or 358, 363-64, 937 P2d 1019 (1997) (quoting *Pacific First Bank v. New Morgan Park Corp.*, 319 Or 342, 347-48, 876 P2d 761 (1994)). In the absence of an ambiguity, we construe the words of a contract as a matter of law. *Eagle Industries, Inc.*, 321 Or at 405.

The provisions at issue in this matter read as follows:

> "15.5 BINDING DISPUTE RESOLUTION   If neither direct discussions nor mediation successfully resolves the dispute, *the Parties shall submit the matter to the binding dispute resolution procedure below*:

> "ARBITRATION   *Unless the Parties mutually agree otherwise in writing, all claims, disputes and matters in question arising out of, or relating to, this Agreement shall be decided by arbitration* in accordance with the Construction Industry Arbitration Rules of the AAA then in effect. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. An award entered in an arbitration proceeding shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction.

"15.5.1 COSTS   *The costs of any binding dispute resolution procedures and reasonable attorneys' fees shall be borne by the non-prevailing Party, as determined by the adjudicator of the dispute.*"

(Emphases added.)

Neither party argues that the provisions of the contract are ambiguous, and neither party has attempted to introduce any evidence of the circumstances underlying the formation of the contract that would create an ambiguity. *See Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 317, 129 P3d 773, *rev den*, 341 Or 366 (2006) (concluding that a trial court may "consider the circumstances underlying the formation of a contract to determine whether a particular contractual provision is ambiguous"). We conclude that the contract as written unambiguously allows for the recovery of attorney fees for "any binding dispute resolution procedures" that the parties mutually agree to—which in this matter consisted of litigation in the circuit court.[3] Although the contract certainly anticipates arbitration as the agreed-upon procedure, it explicitly allows for the parties to agree to a different procedure.[4] The inclusion of the word "any" and the use of the plural "procedures" demonstrate that the fee section of the contract anticipates the possibility of some procedure other than arbitration being possible, and fees being awarded for that other procedure. Similarly, the section refers to "the *adjudicator* of the dispute," not specifically an arbitrator. The section is not arbitration-specific, unlike other sections of the contract.[5]

Although we recognize that the term "binding dispute resolution" can be used to refer to alternatives to

---

[3] Although the parties did not agree to waive arbitration in writing, defendant implicitly agreed to waive arbitration by answering plaintiff's lawsuit and not invoking the contract requirement to arbitrate. Before the trial court and at oral argument before us, defendant's counsel agreed that defendant had waived the obligation to proceed with arbitration.

[4] We are not persuaded by defendant's argument that the phrase "unless the parties mutually agree otherwise" refers to the parties' ability to agree to apply different rules of arbitration to a mandatory arbitration. That is not a reasonable reading of the sentence structure.

[5] Section 15.5.3 refers specifically to arbitration in addressing the statute of limitations for a claim. Section 15.5.4 discusses the final and binding nature of an arbitration award and the entry of judgment in court.

litigation (such as arbitration), litigation and a trial before the circuit court also constitutes a binding resolution to the dispute, particularly in the context of this agreement, which, as noted, permits other dispute resolution procedures and assigns the decision on the attorney-fee issue to the "adjudicator of the dispute." Defendant asserts that trials are different than binding arbitration, largely due to the availability of appeals. However, both processes eventually result in a final binding judgment, regardless of how many appeals may be pursued. Absent a clear statement in the contract excluding litigation, we agree with the trial court that it would be "an interesting world if litigation wasn't a binding dispute resolution procedure."

Because section 15.5.1 does not limit the attorney fee recovery to those fees incurred only through arbitration, and because the context of the contract allows for resolution procedures other than arbitration—without specifically excluding fees incurred through litigation—we conclude that the contract allows for the prevailing party to be awarded attorney fees following trial. The trial court did not err in awarding attorney fees.

In its second assignment of error, defendant asserts that the trial court abused its discretion when it awarded $148,351.00 in attorney fees. Reviewing the amount awarded for an abuse of discretion, *Johnson v. O'Malley Brothers Corp.*, 285 Or App 804, 812-13, 397 P3d 554, *rev den*, 362 Or 300 (2017), we see no basis to reverse the trial court's award.

Affirmed.