No. 642         December 6, 2023         427

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DEVELOPMENT NORTHWEST, INC.,
an Oregon corporation,
dba Wolcott Plumbing,
*Plaintiff-Appellant,*

*v.*

Valeriy ZHIRYADA,
an individual;
Valentina Zhiryada, an individual;
and NORTHWEST FREIGHT, LLC,
a Washington limited liability company,
*Defendants-Respondents,*

*and*

VALLEY PACIFIC CONSTRUCTION, INC.,
an Oregon corporation;
and KEITH MINTER, INC.,
an Oregon corporation,
dba Jade Smith Paving,
*Defendants.*

Multnomah County Circuit Court
19CV13524; A176707

Christopher J. Marshall, Judge.

Argued and submitted September 6, 2023.

Thomas M. Christ argued the cause and filed the briefs for appellant. Also on the briefs was Sussman Shank LLP.

Geoffrey B. Silverman argued the cause and filed the brief for respondents. Also on the brief was The Law Office of Geoffrey B. Silverman, LLC.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded as to plaintiff's lien foreclosure claim; otherwise affirmed.

**SHORR, P. J.**

Following a bench trial, plaintiff appeals from a judgment dismissing its claim for construction lien foreclosure. In a single assignment of error, plaintiff asserts that the trial court erred in dismissing plaintiff's lien foreclosure claim because, according to plaintiff, the construction work invoices that plaintiff presented to defendant were due and payable and defendant failed to tender adequate payment such that defendant could avoid the enforcement of plaintiff's construction lien. We agree and conclude that the trial court erred in holding that defendant's proffered check was an unconditional and adequate payment to plaintiff. Rather, defendant's check was improperly conditioned on plaintiff's potential release of a construction lien for plaintiff's work on defendant's property for which plaintiff had not yet been paid. As a result, we reverse and remand for further proceedings on the construction lien claim.[1]

The dispute arose out of plumbing subcontract work plaintiff provided to defendant on a major commercial construction project. Defendant contracted with a primary contractor, E&M Constructors, which subsequently subcontracted with plaintiff. The contract between defendant and E&M Constructors provided for defendant to pay subcontractors directly.

Following the completion of its work, plaintiff sent two invoices to defendant: one for "finishing work" in the amount of $13,050; and one for "Change Order 6 work" for the plumbing work on a truck washing installation, in the amount of $39,530. Both invoices were sent on December 19, 2018, and had a due date of January 10, 2019. On February 12, 2019, defendant sent plaintiff a check for $13,050, along with a lien waiver form that stated:

> "*The undersigned* acknowledges receipt of a progress payment in the amount of $13,050.00 and in consideration of such payment, *does hereby release any rights to collection, mechanics lien*, stop notice, or bond right *that the undersigned*

---

[1] Plaintiff also brought breach of contract and *quantum meruit* claims, which were tried to a jury. The jury found in plaintiff's favor on the breach of contract claim. The merits of that claim have not been challenged on appeal. We therefore affirm those portions of the judgment resulting from the jury's verdict.

*has on the above-referenced job, not just claims paid by this check, to the following extent.* This release covers a progress payment for labor, service, equipment, or materials furnished to Northwest Freight project through _____[2] only and does not cover any retentions retained before or after the release date; extras furnished before the release date for which payment has not been received; extras or items furnished after the release date. Rights based upon work performed or items furnished under a written change order which has been fully executed by the parties prior to the release date are covered by this release unless specifically reserved by the claimant in this release.

"* * * * *

"NOTICE: THIS DOCUMENT WAIVES RIGHTS UNCONDITIONALLY AND STATES THAT YOU HAVE BEEN PAID FOR GIVING UP THESE RIGHTS. THIS DOCUMENT IS ENFORCEABLE AGAINST YOU IF YOU SIGN IT, EVEN IF YOU HAVE NOT BEEN PAID. IF YOU HAVE NOT BEEN PAID, USE A CONDITIONAL RELEASE FORM."

(Uppercase in original; emphases added.).

Plaintiff declined to sign the form because it did not specifically reserve rights for plaintiff to be paid for work associated with the Change Order 6 invoice. Plaintiff contacted its attorney, and obtained an alternative waiver form, which acknowledged the $13,050 payment on the finishing work invoice and released plaintiff's lien on the property for that work and up to that amount, but reserved all rights, including lien rights, on the unpaid Change Order 6 invoice. Plaintiff's attorney emailed the alternative waiver to defendant owner Valentina Zhiryada, stating:

"Last week [plaintiff] received a check for $13,050.00 and a form of unconditional waiver, copies of which are attached. [Plaintiff] construes your tender of the $13,050.00 payment as being conditioned on [plaintiff] signing and returning the unconditional waiver. [Plaintiff] is unwilling to sign the unconditional waiver, because it is not conditioned on the check clearing and also includes language that may result in [plaintiff] waiving or adversely affecting

---

[2] The blank was not filled in. In previous versions of the form accompanying prior payments, a date was hand-written into the blank.

its lien rights for other amounts owed to [plaintiff] on this project.

"Also attached [is] a 'Waiver of Right to Lien - Unsigned (2-16-19)', which [plaintiff] is willing to sign and return to you when it deposits the $13,050.00 check. However, we need your written confirmation (your reply e-mail is sufficient) that *** this lien waiver is acceptable to you. *** If I do not receive your confirming e-mail by close of business on 2/20/19, [plaintiff] will conclude the waiver of right to lien is not acceptable to you, and in that event the $13,050.00 check will be mailed back to you."

Zhiryada replied that she understood the parties to still be in negotiations about the Change Order 6 invoice, and otherwise responded to the email as follows: "I need You to sign a Waiver that I sent You together with my Check #1307 for $13,050.00 and email it back to Me, please." Plaintiff did not cash the check. Instead, it returned the check to defendant, recorded its lien with the county, and filed this action to foreclose the lien.

The lien foreclosure claim was tried to the court. The trial court concluded that defendant's $13,050 check was "an unconditional tender" and that "[t]he payment for the finishing work was not conditional on the execution of the lien waiver[.]" Because the check was "good tender" that plaintiff rejected, the trial court concluded that the tender cut off consequences of nonpayment, and plaintiff was therefore not entitled to foreclose on the lien for the $13,050 invoice. The court further determined that, under the terms of the subcontract, completion of a lien waiver for the $13,050 payment was a condition precedent for payment of the following invoice for the Change Order 6 work, and that, because plaintiff had not accepted payment and executed such a lien waiver, the Change Order 6 invoice was not presently due and was therefore not subject to foreclosure. The trial court thus entered judgment in favor of defendant.[3]

---

[3] The trial court later entered a supplemental judgment awarding plaintiff attorney fees based on plaintiff prevailing before the jury on its breach of contract claim. Defendant has appealed that supplemental judgment, which is before us in a separate appeal that we affirm today in *Development Northwest, Inc. v. Zhiryada (A178102)*, 329 Or App 439 (2023) (nonprecedential memorandum opinion).

The issues as presented by the parties on appeal are whether defendant tendered adequate unconditional payment for the finishing work invoice and whether the Change Order 6 invoice was due and payable. We review the trial court's legal conclusions for legal error and its factual findings to determine whether those findings are supported by any evidence in the record. *Vukanovich v. Kine*, 268 Or App 623, 633, 342 P3d 1075, *adh'd to as modified on recons*, 271 Or App 133, 349 P3d 567 (2015).

We agree with plaintiff that the trial court erred in concluding that defendant's $13,050 check was unconditional. Under lien foreclosure law, a property owner may demand that a contractor waive all lien rights "as to materials or supplies for which payment has been made." ORS 87.025(5). Under that law, a property owner may not demand a lien waiver from a contractor who has not been paid for that work unless the "language of the waiver [brings] home to the supplier what he is releasing." *Portland Elec. & Plum. v. Simpson*, 59 Or App 486, 490, 651 P2d 172 (1982), *adh'd to on recons*, 61 Or App 266, 656 P2d 394, *rev den*, 294 Or 682 (1983). Otherwise, the "person making payment is entitled to a waiver of a lien only as to materials or supplies already paid for." *Id.*

Defendant was, thus, permitted to demand a broader release, but plaintiff was not obligated to, and in fact did not, agree to that broader language. Oregon subscribes to the objective theory of contracts, which provides that the existence and terms of a contract are determined by objective evidence of the parties' communications and acts. *Rhoades v. Beck*, 260 Or App 569, 572, 320 P3d 593 (2014). We conclude that the parties' objective actions demonstrate that defendant's offer of the $13,050 check was conditioned on plaintiff signing defendant's broadly stated lien waiver form, and that plaintiff declined to agree to that broad lien waiver language. The check and the waiver form were sent together. The form stated: "The undersigned acknowledges receipt of a progress payment in the amount of $13,050.00 *and in consideration of such payment*, does hereby release any rights *** *not just claims paid by this check to the following extent*." (Emphases added.) The remainder of the

form includes a blank that does not identify or limit the date through which the release covers and does not otherwise identify which work the payment covers. The form thus indicated that the payment, while being made in exchange for the work completed, was also being offered in exchange for plaintiff's unconditional waiver of all lien rights. Even to the extent that defendant's form could be ambiguous as to the extent of the release, which defendant does not argue, plaintiff's attorney then proposed a more limited release to clarify that plaintiff would release a lien for the finishing work reflected in the finishing work invoice, in the amount of $13,050. Plaintiff's counsel then explicitly stated in his email to defendant that plaintiff construed the check "as being conditioned on [plaintiff] signing and returning the unconditional waiver." Defendant did nothing to dispel that assumption, and indeed responded that plaintiff needed to sign the broad waiver that was sent with the check. Defendant did not address plaintiff's proffered alternative and more limited waiver.

We conclude that the only reasonable objective interpretation of those acts, none of which are factually disputed, is that the check was not an unconditional payment, but was instead conditioned on plaintiff signing the broadly worded lien waiver form sent by defendant. Plaintiff was not obligated to accept the broad waiver under ORS 87.025, and it did not do so. Defendant takes the position on appeal that plaintiff could have cashed the check outright without signing any waiver, or could have amended the waiver by indicating it was reserving its rights with respect to the Change Order 6 work; however, those options were not communicated to plaintiff at the time the dispute arose, and defendant's actions and statements viewed objectively demonstrate otherwise. The trial court therefore erred in concluding that the check was unconditional and was therefore adequate tender that plaintiff rejected.[4]

---

[4] The trial court's additional conclusion that payment was not due on the Change Order 6 invoice was premised on its erroneous conclusion regarding the conditional nature of the $13,050 check. We therefore do not need to address the parties' further dispute about plaintiff's obligation to provide lien waivers as a condition precedent for future payments, because defendant did not tender unconditional payment for the finishing work invoice.

Because defendant failed to tender adequate payment for either invoice, both of which were due and payable, the trial court erred in dismissing plaintiff's lien foreclosure claim.[5]

Reversed and remanded as to plaintiff's lien foreclosure claim; otherwise affirmed.

---

[5] As the trial court noted, there was no controversy regarding the timeliness of the filing of the liens and the service of related notices. On remand, the trial court will need to make fact findings regarding the precise amount of the lien foreclosure.